**Andrew AIDEYAN, Plaintiff,**

v.

**Russel GREAVES, Defendant.**

**95 Civ. 3862 (LAK).**

United States District Court,
S.D. New York.

Dec. 19, 1995.

Tony Anyanwu, for Plaintiff.

John W. Kondulis, Schwartz, Totura & Andrews, for Defendant.

## AMENDED MEMORANDUM OPINION

KAPLAN, District Judge.

Defendant's motion to dismiss the action for lack of subject matter jurisdiction is denied.

Plaintiff is an alien. According to plaintiff's testimony at trial, plaintiff was admitted to the United States as a political asylee. He has never obtained a "green card."

Defendant argues that plaintiff is an "immigrant" within the meaning of 8 U.S.C. § 1101(a)(15) and, in consequence, that he should be regarded as an alien permanently residing in the United States for purposes of 28 U.S.C. § 1332(a). The argument, however, overlooks the fact that Section 1332(a) turns not simply on status as an immigrant, but also on whether the alien in question has been "admitted to the United States for per-

manent residence ..." The dispositive question is whether a political asylee such as plaintiff should be regarded as a permanent resident.

As *Miller v. Thermarite Pty. Ltd.*, 793 F.Supp. 306, 307–08 (S.D.Ala.1992), argued, the definitions in the immigration statutes bear significantly on the meaning of Section 1332(a). Section 1101(a)(31) of Title 8 provides that the word "permanent" means only "a relationship of continuing and lasting nature" and that a relationship "may be permanent even though it is one that may be dissolved eventually at the instance either of the United States or of the individual." Hence, the fact that the Attorney General may terminate asylum status in some circumstances, 8 U.S.C. § 1158(b), does not alone require the conclusion that plaintiff was not admitted for permanent residence. Nevertheless, the Court holds that a political asylee is not a person admitted to the United States for permanent residence within the meaning of Section 1332(a).

The final sentence of Section 1332(a) was added to the statute in an effort to place resident aliens who have made this country their permanent home on an equal footing with their U.S. citizen neighbors by depriving resident aliens of the benefit of access to the federal courts based solely on their foreign citizenship. *Singh v. Daimler–Benz AG*, 9 F.3d 303 (3d Cir.1993). The connections of political asylees to this country, however, often are more transitory. Many wish to remain here only until the conditions in their homelands that drove them to seek asylum change sufficiently to permit their return. Others reside here only until the Attorney General determines that changed conditions allow them to return home free of well grounded fears of persecution.

Given the significant differences that often exist in the nature of the relationships between the United States and possessors of green cards, on the one hand, and political asylees, on the other, it is not self evident that Congress meant to treat both alike with respect to access to the federal courts. As there is no suggestion that the last sentence of Section 1332(a) was intended to apply to political asylees, *see Singh,* 9 F.3d at 306–10

(discussing legislative history), the Court holds that it has subject matter jurisdiction because the matter in controversy exceeds the requisite amount and the action is between a citizen of New York and an alien.

SO ORDERED.