Charles LEWIS, Plaintiff–Appellee,

v.

Freddie SMITH, Mark Smith and Arnold Holt, Defendants–Appellants.

No. 87–7575

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 19, 1988.

Don Siegelman, Atty. Gen., John Harmon, Dept. of Corrections, Montgomery, Ala., for defendants-appellants.

Charles Lewis, Capshaw, Ala., pro se.

Before RONEY, Chief Judge,
VANCE and CLARK, Circuit Judges.

PER CURIAM:

In this case, we affirm the district court's $500 damage award in favor of Charles Lewis, compensating him for inju-ries caused by a procedural due process violation by his prison officers.

Lewis, an Alabama prisoner, filed this *pro se* section 1983 action against prison officials Mark Smith, Freddie Smith, and Arnold Holt. He alleged that they violated his procedural due process rights in connection with a prison disciplinary hearing for the possession of contraband. The decision that Lewis was guilty of possessing contraband was made by defendant Mark Smith, Chairman of the Prison Disciplinary Committee. On appeal, the decision was approved by defendant Arnold Holt, Director of the Work–Release Center. The appeal of Holt's approval of this decision was denied by defendant Freddie Smith, the Prison Commissioner.

After an evidentiary hearing, the magistrate determined that: (1) Lewis' due process rights were violated when the disciplinary committee found him guilty based upon insufficient evidence and failed to document the reasons for the committee's findings of guilt and recommended penalty, as required by *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935 (1974), and Alabama Department of Corrections Administrative Regulation 403; (2) these violations should have been obvious to defendants Holt and Freddie Smith when they reviewed Lewis' appeal; and (3) Lewis was aware that his procedural due process rights were violated and suffered clear emotional distress as a result, justifying a $500 compensatory damage award. The magistrate recommended that Lewis' request for injunctive relief to return him to work-release status be denied, since Lewis had subsequently been convicted for possession of contraband and given a new 10 year concurrent sentence. The district court adopted the magistrate's report and recommendation. The defendants appealed.

Contrary to defendants' argument, they were not entitled to prevail on a qualified good faith immunity defense. *First,* the defendants did not present evidence regarding this defense at the evidentiary hearing held before the magistrate. *Second,* the defense was not argued in

their post-evidentiary hearing memorandum, nor in their objections to the magistrate's report and recommendation. Failure to object to the magistrate's factual findings after notice precludes a later attack on these findings. *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*in banc*). *Third,* the finding that the defendants personally violated Lewis' clearly established constitutional rights defeats this defense. *See Anderson v. Creighton,* —— U.S. ——, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987) (government official is not entitled to defense of qualified immunity where he violates clearly established constitutional rights).

■ The claim against Freddie Smith and Holt was not based upon the doctrine of *respondeat superior* or negligence. *See Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (Section 1983 liability cannot be predicated solely on doctrine of *respondeat superior*); *Daniels v. Williams,* 474 U.S. 327, 330, 333, 106 S.Ct. 662, 664, 666, 88 L.Ed.2d 662 (1986) (merely negligent conduct by state official is insufficient to state a due process claim under section 1983). Supervisory liability under section 1983 may be shown by either the supervisor's personal participation in the acts that comprise the constitutional violation or the existence of a causal connection linking the supervisor's actions with the violation. *H.C. By Hewett v. Jarrard,* 786 F.2d 1080, 1086–87 (11th Cir.1986). The magistrate found that under Regulation 403, Commissioner Smith and Director Holt were responsible for ensuring that the requirements of *Wolff* and Regulation 403 were met during the disciplinary action, and that the documents submitted to them on appeal exhibited facial due process violations of which they should have been aware. This finding is not clearly erroneous. *See King v. Higgins,* 702 F.2d 18, 21 (1st Cir.), *cert. denied,* 464 U.S. 965, 104 S.Ct. 404, 78 L.Ed.2d 344 (1983) (prison superintendent, as the official designated to hear prisoners' appeals and who had a duty to conduct an investigation to determine whether there was any merit to plaintiff's appeal, and who received reports from the disciplinary board in an appeal that put him at least on notice of constitutional violations, knew or should have known enough to investigate further, and his failure to investigate further to determine whether plaintiff had received his constitutional rights constituted reckless disregard of plaintiff's rights and left the superintendent unable to assert a good faith defense to his liability for damages under section 1983).

■ The assessment of compensatory damages in the amount of $500 in favor of Lewis was not legally improper. The finding that Lewis was aware of the violations committed in connection with the disciplinary charge against him and suffered emotional distress during the course of his attempt to obtain his due process rights is not clearly erroneous. Under these facts, it is appropriate to award compensatory damages in a section 1983 action for that procedural due process violation. *Carey v. Piphus,* 435 U.S. 247, 263–64, 98 S.Ct. 1042, 1052–53, 55 L.Ed.2d 252 (1978); *Jarrard,* 786 F.2d at 1088.

Freddie Smith and Holt incorrectly argue that their violation of Regulation 403 was held by the district court to be the sole cause of Lewis' injury. The district court held that defendants violated the constitutional requirements set forth in *Wolff,* which the State has embodied in Regulation 403.

The district court did not err in holding that the defendants were within their discretion in denying reinstatement of work-release status to Lewis after he was convicted of a felony while on work-release.

AFFIRMED.