Done.

**Alonzo D. SIMON and Alishann M. Simon, Plaintiffs,**

v.

**WORLD OMNI LEASING, INC., a Florida corporation, Defendant.**

**No. 91–0896–AH–M.**

United States District Court, S.D. Alabama, S.D.

Dec. 3, 1992.

---

John W. Sharbrough, III, Mobile, AL, Lawrence Walner, Daniel A. Edelman, Chicago, IL, for plaintiffs.

Steve Olen, Mobile, AL, for defendant.

## ORDER

HOWARD, Chief Judge.

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

It is ORDERED that a class action be certified which is comprised of all persons who signed contracts with World Omni Leasing, Inc. using forms with disclosure statements identical to that in Exhibit A to the complaint and who leased those vehicles for personal use and who are not barred by the applicable statute of limitations.

## REPORT AND RECOMMENDATION

MILLING, United States Magistrate Judge.

This matter was referred, under 28 U.S.C. § 636(b)(1)(B), on the Motion for Class Certification filed by Plaintiffs in this action (Doc. 17). Jurisdiction has been in-

voked in this Court under the provisions of 15 U.S.C. § 1667d. Oral argument was heard on September 30, 1992. Upon consideration of the memoranda of the parties and oral argument, it is recommended that a class be certified under the provisions of Fed.R.Civ.P. 23, as set out and explained herein.

The facts of this case are, briefly, as follows.[1] Plaintiffs Alonzo and Alishann Simon entered into a 60–month lease agreement with Defendant World Omni Leasing, Inc. (WOLI) for a 1991 Dodge Dakota for personal transportation on June 29, 1991 (Doc. 1). In connection with that transaction, WOLI signed a combination lease contract/Truth in Leasing disclosure statement which Plaintiffs maintain is not in statutory compliance with the Truth in Lending Act (TLA) as it failed to make certain disclosures in an appropriate manner (Doc. 1; *see* Doc. 1, Exhibit A). Plaintiffs further maintain that WOLI has used this particular disclosure statement since March 1988 though previous statements used by Defendant carried identical language (Doc. 1).

In bringing this action, the Simons seek this Court's declaration that the disclosure statement issued by WOLI does not comply with TLA requirements. Plaintiffs further seek certification of a class of "all persons who signed contracts with WOLI using forms similar to Exhibit A to the complaint, and who have the box signifying personal use checked on their lease forms" (Doc. 21).[2] The Simons seek injunctive relief, on behalf of the class, which would estop WOLI from using the particular statement—if found inadequate—against class members and also force Defendant's discontinued use of the statement in future lease agreements. Defendant argues that a class action is not appropriate in this case (Docs. 28, 63, 75, and 84).

Chief Judge Howard, in an order of July 13, 1992, found that Plaintiffs did not have standing to bring the first claim, *i.e.*, that the termination provisions of the lease agreement are unreasonable, as they have not terminated their lease or even pled a desire to do so (Doc. 65). However, Chief Judge Howard's order is not understood to dismiss either part of the second claim, the disclosure claim, under the Truth in Leasing Act, to wit:

14. The specific information that must be disclosed includes:

a. "The amount or method of determining the amount of any penalty or other charge for delinquency, default, or late payments." 12 C.F.R. Sec. 213.4(g)(10).

b. "A statement identifying any express warranties or guarantees available to the lessee made by the lessor or manufacturer with respect to the leased property." 12 C.F.R. Sec. 213.-4(g)(7).

Complaint (Doc. 1, p. 4).

In determining whether a class should be certified, "the threshold question is whether the named plaintiffs have individual standing, in the constitutional sense, to raise certain issues." *Griffin v. Dugger,* 823 F.2d 1476, 1482 (11th Cir.1987) (citing *Brown v. Sibley,* 650 F.2d 760, 771 (5th Cir. Unit A July 1981)), *cert. denied,* 486 U.S. 1005, 108 S.Ct. 1729, 100 L.Ed.2d 193 (1988). Chief Judge Howard found Plaintiffs to enjoy standing for purposes of the claim discussed herein (Doc. 65, p. 20, n. 13).

The requirements of class certification are found in Rule 23 of the Federal Rules of Civil Procedure which states:

(a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the

---

1. These facts are set out only for the convenience of the reader and are not to be construed as binding court findings.

2. Plaintiffs have asserted that three different forms used by WOLI in the leasing of vehicles have carried identical language in the sections of the contract discussing early termination of the agreement. This Court will not consider

including within the class people who have been given "similar" statements. The discussion within this recommendation contemplates certifying only a class of people who, as part of their lease agreement, were given identical statements as the Simons. A further requirement is that the class must comprise only people who leased the vehicles for personal reasons.

class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\*    \*    \*    \*    \*    \*

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of the separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23.

The first requisite of subsection (a) is that "the class [be] so numerous that joinder of all members is impracticable." The Eleventh Circuit Court of Appeals held that "while there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'" *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir.) (quoting 3B Moore's Federal Practice ¶ 23.-05[1] at n. 7 (1978)), *cert. denied,* 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986).

At the hearing on this matter, Defendants stated that somewhere in the neighborhood of forty-five-to-fifty thousand people, in the five-state area of Alabama, Florida, Georgia, and North and South Carolina, had leased vehicles through Defendant using the challenged disclosure statement. Though only a percentage of those transactions involved the leasing of a vehicle for personal reasons, it is safe to say that there are a large number of potential class-members. Defendant has not strongly contested this requisite.

The next requirement is that there be "questions of law or fact common to the class." However, "Rule 23 does not require that all the questions of law and fact raised by the dispute be common. The claims actually litigated in the suit must simply be those fairly represented by the named plaintiffs." *Cox,* 784 F.2d at 1557 (citing C. Wright & A. Miller, *Federal Practice and Procedure,* § 1763 (1982) at 603. *See also Johnson v. American Credit Co. of Georgia,* 581 F.2d 526, 532 (5th Cir.1978)). The proposed questions of law in this case are whether the terms of the lease agreement clearly and conspicuously disclose the amount or method of determining the amount of any penalty or other charge for delinquency, default or late payments and identify any express warranties or guarantees available to the lessee made by the vehicle manufacturer with respect to the leased property. All members of the class, by definition, would have this claim. There is no difficulty with this requisite of the class action formula.

The next requirement is that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." In order for this requirement to be satisfied,

there must be a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class. A sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory. Typicality, however, does not re-

quire identical claims or defenses. A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332 (11th Cir.1984), *cert. denied*, 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985). It is further noted that "'[t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members.'" *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir.1985) (quoting *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983)). In this case, the claim by the Simons is typical of that of the other class-members and the class, if certified, will be made up of only people with the same claim. This is not to say that class-members will not have other claims to raise, but typicality is not a problem in this case.[3]

█ The final requisite of rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." To make that determination, the Court must examine the expected "forthrightness and vigor" of the proposed representatives. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir.1987), *cert. denied*, 485 U.S. 959, 108 S.Ct. 1220, 1221, 99 L.Ed.2d 421 (1988) (citations omitted). Sufficiency of vigor "most often has been described to 'involve[ ] questions of whether plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation and of whether plaintiffs have interests antagonistic to those of the rest of the class.'" *Id.* (quoting *Griffin v. Carlin*, 755 F.2d 1516, 1532 (11th Cir.1985)). The *Kirkpatrick* Court cautioned, however, that even after these questions have been answered, the Court should make sure that the representatives have "the personal characteristics and integrity necessary to fulfill the fiduciary role of class representative." *Id.* at 726. The Court further noted that adequate representation did not require any particular degree of participation by the representative in the litigation. *Id.* at 727. Finally, the Court concluded that where there is representation "by competent and zealous counsel, class certification should not be denied simply because of a perceived lack of subjective interest on the part of the named plaintiffs unless their participation is so minimal that they virtually have abdicated to their attorneys the conduct of the case." *Id.* at 728.

At oral argument, Defendant proffered an exhibit intended to demonstrate that Plaintiffs' counsel were inadequate (Defendant's Exhibit 1). The evidence does not demonstrate inadequacy so much as suggest that the Simons' attorneys made mistakes. Though other exhibits submitted by Defendants demonstrate a certain court's dissatisfaction with the overzealous representation—and suggested misrepresentation—of Plaintiffs' attorneys, that court, nevertheless, found them to be knowledgeable, experienced, and to meet the requirements of Rule 23(a)(4) (Doc. 75, Exhibits B and C). This Court further notes that Plaintiffs' counsel Edelman, by affidavit, has stated that he has "been involved in more than 100 class actions, mostly on behalf of consumers" and that he coauthored a book entitled *Consumer Class Action Manual*, written at the request of the National Consumer Law Center (Doc. 21, Exhibit D). No real question can be raised concerning the experience and knowledge of Plaintiffs' counsel. Furthermore, there has been no showing that the Simons lack the character or integrity necessary to safeguard the interests of the class as a whole. Though Defendant has pointed to

---

3. The Court concedes that the discussions of commonality and typicality of Plaintiffs' claims are basically the same. It is noted, however, that the two "tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982). After reviewing the evidence, this Court finds both commonality and typicality in Plaintiff's claims.

statements made by Plaintiffs suggesting that they did not have a complete grasp of all of the factual underpinnings and legal ramifications of the various claims that have been raised in this suit, there has been no showing that Plaintiffs were only minimally interested in this action or had relegated themselves to the status of pawns in their attorneys' hands (*see* Doc. 28, pp. 16–21). This Court finds Plaintiffs to meet the "adequate class representative" requirement of Rule 23(a)(4).

■ In summary, the prerequisites of a class action—*viz.*, the requirements found in Rule 23(a)—have been satisfied. The next step to be taken, before a class action can be certified, is for the Court to make a determination of what type of action can be maintained under Rule 23(b). Plaintiffs seek certification under 23(b)(2) but state that 23(b)(3) would not be inappropriate. Defendants argue that neither option is available to the Simons.

A very good discussion of the two varying types of classes considered here appears in the Eleventh Circuit case, *Holmes v. Continental Can Co.*, 706 F.2d 1144 (11th Cir.1983). "Subsection (b)(2) contemplates class cases seeking equitable injunctive or declaratory relief." *Id.* at 1152. The (b)(2) class is characterized as "homogeneous without any conflicting interests between the members of the class," *Id.* at 1155 (quoting *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 256 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975)), and as possessing "cohesion of its members' grievances, rights and interests." *Id.* (quoting Rosen, *Title VII Classes and Due Process: To (b)(2) Or Not to (b)(3)*, 26 Wayne L.Rev. 919, 923 (1980)). Finally, (b)(2) claims are "class claims, claims resting on the same grounds and applying more or less equally to all members of the class." *Id.*

On the other hand, "subdivision (b)(3) covers those cases seeking monetary relief in which a class action would save time, effort, and money and would promote uni-

formity without sacrificing procedural fairness." *Holmes*, 706 F.2d at 1156. "Unlike members of the (b)(2) class, members of the (b)(3) class are usually not united by an ongoing legal relationship or common trait that transcends the specific set of facts that gave rise to the litigation." *Id.* The *Holmes* Court further noted that "[t]he drafters of Rule 23 envisioned the (b)(3) class as being 'heterogeneous in nature. Rather than growing out of the same set of actions or policies as in the case of the (b)(2) class,' the focus of (b)(3) is efficiency in adjudication." *Id.* (quoting Rosen at 923). Furthermore, (b)(3) class members "are legal strangers related only by some common question of law or fact." *Id.* at 1156 n. 9 (quoting 3B J. Moore, *Moore's Federal Practice* ¶ 23.55 2d ed. 1981).

The distinctions listed above lead the Court to believe that the (b)(2) action better serves the needs of this particular class because an examination of the complaint shows that Plaintiffs have brought this action seeking declaratory and injunctive relief (Doc. 1). This is what was contemplated in Rule 23(b)(2). Plaintiffs also seek statutory relief under 15 U.S.C. § 1640 which would seem to lend itself better to (b)(2) management. Finally, the Simons seek a refund of charges which they maintain were unlawfully collected;[4] these refunded charges would probably be different for each class member—depending on various factual distinctions—and their determination, quite possibly, would be better served by a (b)(3) action.

■ The Court notes that the Eleventh Circuit has provided for "[a] hybrid Rule 23(b)(2) class action [—] one in which class members seek individual monetary relief, typically back pay, in addition to class-wide injunctive or declaratory relief." *Cox*, 784 F.2d at 1554 (citing *Penson v. Terminal Transp. Co.*, 634 F.2d 989, 994 (5th Cir. Unit B 1981)). The *Cox* Court reviewed the law of the hybrid action in the Eleventh Circuit, noting that such action is discretionary with the district court. The Court

---

**4.** The Simons themselves have not paid the charges which are the subject of this claim. However, should the class be certified, there would be a number of class members who may be entitled to a refund.

noted that there was no absolute right for the class-members to opt out of the suit, though the court could provide for that opportunity within the provisions of Rule 23 so long as no opting out was done initially. Specifically, the hybrid suit is tried in two stages: in the first, a determination of liability is made. In this case, a determination would be made as to whether the challenged provisions in the lease agreement are in keeping with the TLA. If so, the case is over. However, if the provisions are not adequate, the Court would proceed to stage two, the monetary relief stage. It is at this stage of litigation that class members would be allowed the opportunity to either opt out of the proceedings so that they could pursue relief in their own private rights of action or could proceed to a determination of their monetary refunds within this action. It is this form of class action which seems most manageable to accomplish what is being sought by Plaintiffs.

In summary, this Court finds the requisites of Fed.R.Civ.P. Rule 23(a) to be satisfied. The Court further finds that a hybrid 23(b)(2) action seems to best suit the needs of the particular class.

■ Therefore, it is recommended that a class action be certified which is comprised of all persons who signed contracts with WOLI using forms with disclosure statements identical to that in Exhibit A to the complaint and who leased those vehicles for personal use. Defendants have raised in their memoranda a defense that the statute of limitations—a one-year period from the time of termination of the lease agreement under 15 U.S.C. § 1667d(c)—would be a bar to an unspecified number of those class members. Defendant's argument is valid. It is therefore further recommended that those potential class members who would be barred by the statute of limitations be excluded.

The attached sheet contains important information regarding objections to this Recommendation.

Done this 30th day of October 1992.

EXHIBIT A

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in Local Rule 26(4)(b), which provides that:

Any party may object to a magistrate judge's proposed findings, recommendations or report made under 28 U.S.C. § 636(b)(1)(B) within ten (10) days after being served with a copy thereof. The appellant shall file with the Clerk, and *serve on the magistrate judge* and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his discretion or where required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

EXHIBIT A—Continued

A Magistrate Judge's recommendation cannot be appealed to a Court of Appeals; only the District Judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.