Wilda J. McKINLEY, Plaintiff,

v.

William A. HALTER, Acting Commissioner of Social Security, Defendant.

No. Civ.A. 00–0434–AH–M.

United States District Court, S.D. Alabama, Southern Division.

April 9, 2001.

Gilbert B. Laden, Mobile, AL, for plaintiff.

Patricia Nicole Beyer, Mobile, AL, for defendant.

## ORDER

HOWARD, Senior District Judge.

After due and proper consideration of all pleadings in this file, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge

made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

It is ORDERED that Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act be and is hereby GRANTED and that Plaintiff is hereby awarded an attorney's fee in the amount of $1,298.70.

## REPORT AND RECOMMENDATION

MILLING, United States Magistrate Judge.

Pending before the Court is an Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Docs. 21 and 22) and Defendant's Response (Doc. 23), which have been referred for report and recommendation. After consideration of the pertinent pleadings, it is recommended that the application be granted and that Plaintiff be awarded an EAJA attorney's fee in the amount of $1,298.70.

Plaintiff filed this action on May 10, 2000 (Doc. 1). On January 19, 2001, the Court entered judgment reversing the decision of Defendant and remanding this action for further administrative proceedings (Docs. 19 and 20). Defendant did not appeal and on February 12, 2001, Gilbert B. Laden, counsel for Plaintiff, filed an Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, in which Plaintiff requests a fee of $1,298.70, computed at an hourly rate of $117.00 for 11.1 hours spent in this Court (Docs. 21 and 22). Defendant has no objection to the fee application (Doc. 23). The Court, after examination of Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action for a total of 11.1 hours is reasonable.

The EAJA requires a court to

award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of Agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

Defendant concedes that Plaintiff became the prevailing party when the Court reversed and remanded this action, *Schaefer,* 113 S.Ct. at 2631; that the fee application was timely filed; and that his position was not substantially justified (Doc. 23).

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a

special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp.1997).

■ In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir.1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward . . . to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033–34 (citations omitted & footnote omitted).[1] The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. *Norman v. City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). Where documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. *Id.*

■ This Court in March and April 1998 determined that the prevailing market rate, adjusted for the increase in the cost of living, is $117.00 per hour in the Southern District of Alabama, and that this hourly rate is reasonable. *See Woodard v. Apfel*, 95–1009–P–M (S.D.Ala. March 18, 1998); *Haywood v. Apfel*, 95–0130–AH–M (S.D.Ala. April 3, 1998). Multiplying the 11.1 hours by the Southern District of Alabama inflation-adjusted prevailing market rate of $117.00 results in a fee of $1,298.70.

Therefore, it is recommended that Plaintiff's Application be granted as set out above and that Plaintiff be awarded an EAJA attorney's fee in the amount of $1,298.70.

*MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. **Objection.** Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th

---

1. Subsequent to *Meyer*, the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A) (Supp.1997).

Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc* ). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable where proceedings tape recorded).* Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

March 13, 2001.