George C. COOPER, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV.A.03–0841–P–B.

United States District Court, S.D. Alabama, Southern Division.

Oct. 12, 2004.

Gilbert B. Laden, Mobile, AL, for Plaintiff.

Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, for Defendant.

### ORDER MODIFYING AND ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

PITTMAN, Senior District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, with no objections filed, the Report and Recommendation of the Magistrate Judge made pursuant to 28 U.S.C. § 636(b)(1)(B) and dated August 3, 2004 (doc. 17), is hereby MODIFIED and ADOPTED as the opinion of this court.

The Magistrate Judge recommends that the Commissioner's Motion and Memorandum for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (doc. 16), be granted. In support of the Motion, the Commissioner states that plaintiff's counsel has "no objection to the requested relief, but would like the case reassigned to a different ALJ in the event that the Appeals Council remands the case for another hearing" (doc. 16, p. 2, and doc.17, p. 2). The Magistrate Judge noted plaintiff's request and the fact that the Commissioner responded with "it is agency policy to assign a case to the same ALJ upon remand." *Id.* The Magistrate Judge addressed plaintiff's request in footnote 1 (doc.16, p. 2).

This court's modification of the Report and Recommendation concerns plaintiff's request for reassignment to a different ALJ. This court adds: The Eleventh Circuit has set forth that

[t]he Social Security Act "contemplates that disability hearings will be individualized determinations based on evidence adduced at a hearing." ... A claimant is entitled to a hearing that is both full and fair... The regulations governing Title II dictate that "[a]n administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940.

When a claimant objects to the assignment of a particular ALJ to his or her case, he or she must notify the ALJ at the earliest opportunity. *Id.* If the ALJ withdraws, the Associate Commissioner for Hearings and Appeals or his delegate will appoint another ALJ to conduct the hearing. *Id.* If the ALJ declines to recuse himself, the claimant may seek reconsideration after the hearing by raising the issue before the Appeals Council.

\*        \*        \*        \*        \*        \*

The ALJ plays a crucial role in the disability review process. Not only is he duty-bound to develop a full and fair record, he must carefully weigh the evidence, giving individualized consideration to each claim that comes before

him. Because of the deferential standard of review applied to his decision-making, the ALJ's resolution will usually be the final word on a claimant's entitlement to benefits.

*Miles v. Chater,* 84 F.3d 1397, 1400–01 (11th Cir.1996) (citations and footnote omitted); *West v. Bamhart,* CA 02–0032–P–M (S.D.Ala. (Mar. 6, 2003)).

Herein, although plaintiff requests reassignment, he makes no specific charge that the ALJ was biased. *Compare Miles,* and *West.* However, this court takes note of the fact that by letter dated July 21, 2003 (Tr.600–04), plaintiff's counsel noticed the Appeals Council, in relevant part, that "[t]here was a pattern of hostile, antagonistic questioning of Mr. Cooper by the ALJ, who called him a 'junkie.' It is requested that the Appeals Council listen to the hearing tape. All of this, . . . [with the balance of the paragraph blank]" (Tr.602, referring to Tr.33–84, 64). Thus, this court finds that plaintiff's counsel did put the Appeals Council on notice.

After reviewing the hearing transcript, this court finds the ALJ's demeanor toward plaintiff unnecessarily offensive and biased. Besides referring to plaintiff as a "junkie," the ALJ referred to plaintiff on more an one occasion as a "little skinny twerp" (Tr.40), as a "[s]kinny little white guy" (Tr.53), and as an "ex-con" (Tr.75). The ALJ also made gratuitous insulting remarks about plaintiff's family members (e.g., Tr.60–61). Although the ALJ must have leeway to make a credibility determination, antagonistic and hostile comments and questions serve little or no purpose in building a full and fair record. This court finds that upon remand, plaintiff is entitled to an unbiased reconsideration of his claim for benefits before a different ALJ.

Accordingly, with this noted modification, it is ORDERED that the Report and Recommendation of the Magistrate Judge be and is hereby ADOPTED as MODI-FIED as the opinion of this court; that the Commissioner's Motion and Memorandum for Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant (doc.16), be and is hereby GRANTED; and that this action be and is hereby RE-MANDED pursuant to sentence four of 42 U.S.C. § 405(g), to the Social Security Administration for further proceedings consistent with the Commissioner's Motion to Remand and the opinion of this court, with instructions to the Appeals Council to reassign this case to a different ALJ.

The Remand pursuant to sentence four of § 405(g) makes plaintiff the prevailing party for purposes of the Equal Access to Justice Act, 38 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this court's jurisdiction over this matter.

## JUDGMENT

In accordance with this court's Order entered this date, it is hereby ORDERED, ADJUDGED, and DECREED that this action is hereby REMANDED pursuant to sentence four of 42 U.S.C. § 405(g), to the Social Security Administration for further proceedings consistent with this opinion, with instructions to the Appeals Council to reassign this case to a different ALJ.

The Remand pursuant to sentence four of § 405(g) makes plaintiff the prevailing party for purposes of the Equal Access to Justice Act, 38 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this court's jurisdiction over this matter.

## REPORT AND RECOMMENDATION

BIVENS, United States Magistrate Judge.

This matter is before the Court on Defendant's Motion and Memorandum for

Entry of Judgment Pursuant to Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant. (Doc. 16). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).

In its Motion, Defendant states that this case should be remanded to the Commissioner of Social Security for further administrative proceedings. According to Defendant, upon remand, the Appeals Council ("AC") will vacate the December 19, 2002 administrative decision and reconcile that decision with one which awarded benefits based on a subsequent application as of March 29, 2004. Defendant further states that the AC will either prepare a fully favorable decision under the guidelines set forth in Hallex TI, I–5–317.III.B.2 or, if warranted, remand the case with instructions that the Administrative Law Judge ("ALJ") conduct a hearing in accordance with 20 C.F.R. §§ 404.944 and 416.1429 (2004), in which: Plaintiff has the opportunity to testify; Dr. Hart's opinion is re-evaluated; Plaintiff's ability to perform past work is reevaluated; and, if necessary, vocational expert testimony is obtained to determine whether jobs exist in significant numbers that would accommodate the limitations contained in Plaintiff's residual functional capacity. Additionally, Defendant states that Plaintiff's counsel has been contacted and does not oppose the motion to remand, except, in the event

the AC remands the case for another hearing, Plaintiff would like the matter to be reassigned to another ALJ. Defendant notes that it is agency policy to assign a case to the same ALJ upon remand.[1]

Upon consideration of the foregoing, and the language of sentence four of 42 U.S.C. § 405(g)[2] empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing", the undersigned recommends that Defendant's motion to remand be granted, and that the Court enter judgment reversing the decision of the Commissioner and remanding this cause to the Commissioner for action consistent with Defendant's motion to remand. 42 U.S.C. § 405(g); *see Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). This remand pursuant to sentence four of section 205(g) of the Social Security Act makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act. 28 U.S.C. § 2412; *see Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

August 3, 2004.

---

1. In the event this matter is in fact assigned to the same ALJ on remand, Plaintiff can raise his reassignment request directly with the ALJ, as well as with the AC after the hearing. 20 C.F.R. 404.940 (A claimant must notify an ALJ at the earliest opportunity of objections to assignment; if the ALJ does not recuse himself, the claimant may seek reconsideration after the hearing by raising the issue before the AC).

2. Although this Court's review of the denial of an application for supplemental security in-

come falls under 42 U.S.C. § 1383(c)(3), remand is proper under 42 U.S.C. § 405(g) (which applies to disability insurance benefits as opposed to supplemental security income) because Section 1383(c)(3) provides that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

ATTACHMENT

*MAGISTRATE JUDGE'S EXPLANA-
TION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOL-
LOWING RECOMMENDATION
AND FINDINGS CONCERNING
NEED FOR TRANSCRIPT*

1. **Objection.** Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the

objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. FED. R. CIV. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.