**Audra D. LUMPKIN, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**Civil Action No. 05–0523–KD–M.**

United States District Court,
S.D. Alabama,
Southern Division.

Dec. 7, 2006.

Gilbert B. Laden, Mobile, AL, for Plaintiff.

Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, for Defendant.

### ORDER

DuBOSE, District Judge.

After due and proper consideration of all pleadings in this file, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court.

It is **ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act be and is hereby **GRANTED** and that Plaintiff's counsel be and is hereby **AWARDED** an EAJA fee in the amount of $4,200.00.

### JUDGMENT

It is **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act be and is hereby **GRANTED** and that Plaintiff's counsel be and is hereby **AWARDED** an EAJA fee in the amount of $4,200.00.

No costs are taxed.

### REPORT AND RECOMMENDATION

MILLING, United States Magistrate Judge.

Pending before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act with supporting Affidavit (Doc. 30), Defendant's Objection to Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 31), and Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act with supporting Supplemental Affidavit (Doc. 34). After consideration of the pertinent pleadings, it is recommended that the motion be granted and that Plaintiff's counsel be awarded an Equal Access to Justice Act (hereinafter EAJA) attorney's fee in the amount of $4,200.00.

Plaintiff filed this action on September 12, 2005 (Doc. 1). After the issues in dispute had been briefed, the Court, by Order dated May 26, 2006, set this action for oral argument on June 20, 2006 (Doc. 22). After hearing from counsel at oral argument and consideration of the record, the undersigned entered a Report and Recommendation on July 5, 2006, recommending that the decision of the Commissioner be reversed and that this action be remanded to the Secretary for further proceedings (Doc. 24). On August 2, 2006, the Court adopted the Report and Recommendation and entered judgment in favor of Plaintiff, reversing and remanding this action for further administrative proceedings (Docs. 28 and 29).

On October 4, 2006, 2006, Gilbert B. Laden, counsel for Plaintiff, filed a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, in which Plaintiff asserts that Defendant's position was not substantially justified and requests a fee of $3,075.00, computed at an hourly rate of $125.00 for 24.6 hours spent in this Court[1] (Doc. 30).

Defendant, in her Objection filed October 18, 2006, contends that the Court should find that the Commissioner's position was substantially justified and requests that Plaintiff's claim for EAJA attorney's fees be denied (Doc. 31). Defendant does not object to the hours or hourly rate requested.

In Plaintiff's Reply to Defendant's Objection (Doc. 34), Plaintiff asserts again

---

1. The Court notes an error in Plaintiff's computation in that the hours expended total 26.8 rather than 24.6. Multiplying the 26.8 hours by the $125.00 hourly rate results in a fee of $3,350.00.

her position that both the ALJ and the Commissioner failed to meet the burden imposed upon them and requests an additional fee of $850.00, computed at an hourly rate $125.00 for 6.8 hours spent in preparation of her Reply.

> The EAJA requires a court to
>
> award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of Agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

█ As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412. *See Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir.1990). First, the claimant must file an application for fees within the thirty-day period. Second, the claimant must be a prevailing party. Third, the Government's position must not be substantially justified. Defendant concedes that Plaintiff meets the first two conditions but asserts the Government's position was substantially justified.

█ With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail to "establish that its

positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees." *Myers,* 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)). That means that the Government must show that there was a "reasonable basis both in law and fact" for the positions it took. *Myers,* 916 F.2d at 666 (citations omitted). The Court notes that "[a]n examination of whether the government's position was substantially justified encompasses an evaluation of both the agency's prelitigation conduct and the subsequent litigation positions of the Justice Department.... Unless the government can establish that all of its positions were substantially justified, the claimant is entitled to receive attorney's fees." *Myers,* 916 F.2d at 666 n. 5 (emphasis in original; citations omitted). Though Defendant bears the burden of showing that its position was substantially justified, "[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." *Ashburn v. United States,* 740 F.2d 843, 850 (11th Cir.1984).

█ In the Report and Recommendation dated July 5, 2006 (Doc. 24), the Court found that

> the conclusions of the ALJ are not supported by substantial evidence. Specifically, the Court finds it incredible that the ALJ discounted the opinions of Plaintiff's two treating physicians, both specialists in the areas for which they had been treating Lumpkin for several years. His conclusions are all the more unbelievable in that he based them on the opinion of a non-board-certified general practitioner who found Plaintiff incapable of performing a full range of light work[2] and an orthopedic surgeon

---

**2.** "Light work involves lifting no more than 20 pounds at a time with frequent lifting or

carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very

who stated that this five foot, one-and-one-half inch, one hundred eight pound woman could occasionally lift one hundred pounds and frequently lift fifty pounds (*see* Tr. 361, 363), two physicians who examined Plaintiff a single time each on what must have been very good days in her adult life. The Court further notes that the opinion of the non-examining medical examiner cannot be given any value in that it was given based on the evidence that existed in July 2003 which represents, at most, only half of the record evidence and less than one year after the declared disability onset date.

The Court notes that the ALJ failed to acknowledge or assign any evidentiary weight to the opinions of Dr. Fleet who completed an application so that Plaintiff could receive a disability parking tag and treated Lumpkin for pain. The Court finds that the ALJ has glossed over much of the "nitty-gritty" details provided throughout this medical record which demonstrate Plaintiff's deteriorating health. Specifically, the glucose and creatinine levels measured out in this report provide ample evidence that Lumpkin's health, for the period under consideration, has never been good and has declined at a slow, but precipitous rate with clear signs of the inevitable undoing marking the path. In spite of two treating physicians declaring that their patient was physically unable to sustain steady, consistent work habits at a sedentary level and a third treating doctor who stated that she was disabled after prescribing narcotic pain

medications over a sustained period of time, the ALJ ignored them and reached his own, unsupported, conclusion.

(Doc. 24, pp. 27–28).

Defendant in her Objection (Doc. 31) states that there was a reasonable basis in law and fact for the Commissioner's position that Plaintiff had the residual functional capacity to perform light work. Defendant contends that the opinions of Drs. McDaniel and Nipper that Plaintiff was disabled were not based on substantial evidence and were inconsistent with other medical opinions and evidence of record and, therefore, the ALJ was not bound to give great weight to them in rendering his decision and could properly give them less weight in the overall evaluation of Plaintiff's claim (*See* Doc. 27, p. 4).

As set out above, in the Report and Recommendation and in Judge DuBose's Order modifying and adopting the Report and Recommendation, the Court finds that, based upon a review of the entire record, the ALJ's opinion did not have a reasonable factual basis and, therefore, the Government's position was not substantially justified (Docs. 24 and 28).

 Having found that the three prerequisites have been satisfied, the Court will now discuss the fee to be awarded in this action. The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that " 'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

---

little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we

determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b) (2001). Dr. Hall's findings allow for lifting and carrying only up to fifteen pounds on a continuous basis (Tr. 356).

rate.'" *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir.1985)(EAJA), quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)(§ 1988). In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended".... Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Hensley,* 461 U.S. at 434, 103 S.Ct. 1933 (citations omitted). Counsel must use professional judgment in billing under EAJA. A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on vindicating similar rights. *Norman v. Housing Authority,* 836 F.2d 1292, 1301 (11th Cir.1988).

■ The Court, after examination of Plaintiff's Motion and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's time expended in prosecuting this action for a total of 33.6 (26.8 plus 6.8) hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp.1997).

■ In *Meyer v. Sullivan,* 958 F.2d 1029 (11th Cir.1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." ... The second step, which is needed only if the market rate is greater than $75 per hour, is to determine whether the court should adjust the hourly fee upward ... to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033–34 (citations omitted & footnote omitted) [3]. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with

---

**3.** Subsequent to *Meyer,* the cap was raised from $75.00 per hour to $125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp.1997).

prevailing market rates. *NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir.1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984). Where the fees or time claimed seem expanded or there is lack of documentation or testimony in support, the court may make an award on its own experience. *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir.1988). Where documentation is inadequate, the court is not relieved of its obligation to award a reasonable fee, but the court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. *Id.*

■ The prevailing market rate in the Southern District of Alabama is $125.00 per hour. *See Smith v. Massanari,* Civil Action 00–0812–P–M (October 25, 2001); *Boone v. Apfel,* Civil Action 99–0965–CB–L (August 30, 2001); *Lee v. Massanari,* Civil Action 00–0518–RV–S (June 29, 2001); *Willits v. Massanari,* Civil Action 00–0530–RV–C (May 4, 2001); and *Square v. Halter,* Civil Action 00–0516–BH–L (April 12, 2001). Because the market rate is not greater than the statutory rate of $125.00 per hour, the Court need not reach the second step set out in the *Meyer* case. Multiplying the 33.6 hours [4] by the Southern District of Alabama inflation-adjusted prevailing market rate of $125.00 results in a fee of $4,200.00.

In conclusion, and for the reasons set out above, it is recommended that Plaintiff's motion be granted and that Plaintiff's counsel be awarded an EAJA fee in the amount of $4,200.00.

**4.** This total represents the hours claimed in the original Motion for Award of Attorney's

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION *AND FINDINGS CONCERNING NEED FOR TRANSCRIPT*

1. *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge,

Fees and in the Supplemental Affidavit in support of the Motion (Docs. 30 and 34–2).

although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable where proceedings tape recorded).* Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Nov. 9, 2006.