[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11978
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00347-WTH-GRJ


CLARENCE HARVEY TAYLOR,

Plaintiff-Appellant,

versus

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 13, 2019)

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Clarence Taylor appeals the district court's order affirming the Social Security Administration's decision to deny his application for disability insurance benefits, pursuant to 42 U.S.C. § 405(g).  On appeal, Taylor argues (1) that substantial evidence does not support the administrative law judge's finding that his testimony on the extent of his back pain was not credible, and (2) that the ALJ erred by giving insufficient weight to the opinion of one of his treating physicians. After careful review, we affirm.

**I**

We review the ALJ's legal conclusions *de novo* and consider whether substantial evidence supports her factual findings.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  Substantial evidence is "more than a scintilla" but less than a preponderance, requiring "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotations omitted).  We may not "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[] the evidence."  *Moore*, 405 F.3d at 1211 (citations omitted).

Taylor bore the burden here to prove that he is disabled, meaning—as relevant here—that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

ALJs must complete a five-step sequential process in evaluating a claim of disability. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v). The ALJ must determine whether (1) "the claimant is currently engaged in substantial gainful activity," (2) "the claimant has a severe impairment or combination of impairments," (3) "the impairment meets or equals the severity of the specified impairments in the Listing of Impairments," (4) the claimant can perform past relevant work based on a residual functional capacity ("RFC") assessment, and (5) "there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178.

Taylor contends that the ALJ erred at steps four and five, and that in fact he is unable to engage in full-time work. Specifically, he argues that the ALJ gave short shrift to his testimony on the severity of his pain and the opinion of a treating physician that corroborates his testimony. Even assuming that he preserved these

3

issues before the district court, we conclude that neither argument has merit.[1]  We

address each in turn.

## II

A claimant may attempt to establish that he has a disability through his "own

testimony of pain or other subjective symptoms."  *Dyer v. Barnhart*, 395 F.3d

1206, 1210 (11th Cir. 2005).  In such a case, the claimant must show "evidence of

an underlying medical condition" and either "objective medical evidence that

confirms the severity of the alleged pain arising from that condition" or "that the

objectively determined medical condition is of such a severity that it can be

reasonably expected to give rise to the alleged pain."  *Id.* (quotations omitted).

The ALJ may discredit the claimant's testimony regarding his subjective

symptoms, but she "must clearly articulate explicit and adequate reasons" for

doing so.  *Id.* (quotation marks omitted).

Taylor contends that his chronic back pain has not improved even after

numerous surgeries and ongoing pain management treatment.  He testified that the

---

[1] The Government points out that, before the district court, Taylor's objections to the magistrate judge's Report and Recommendation "raised no specific error with respect to any of the magistrate judge's factual or legal conclusions." Rather, Taylor merely incorporated by reference his original memorandum in opposition to the ALJ's decision.  Because Taylor failed to make specific objections to the magistrate judge's factual findings, he may well have waived the right to challenge these findings on appeal. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (declining to address an issue not "raise[d] . . . before the administrative agency or the district court"); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (finding that a "[f]ailure to object to the magistrate's factual findings after notice precludes a later attack on these findings").  Even so, in an abundance of caution, we will consider his arguments on the merits.

pain—which radiates into his legs—affects his ability to both sit and stand for long periods of time.  He further testified that on "real bad days"—about five days per month, he estimates—his pain is so severe that he remains largely immobile and must take prescribed narcotics to cope.

Notwithstanding Taylor's testimony, the ALJ concluded that the "medical evidence of record" does not suggest that the pain is so debilitating as to warrant a finding of disability.  Specifically, the ALJ called Taylor's credibility into question in three respects.  First, Taylor's testimony on the "intensity, persistence[,] and limiting effects of [his] symptoms" was at times internally inconsistent, and in any event did not square with the objective medical evidence.  Second, Taylor displayed drug-seeking tendencies, as "he received prescriptions for narcotics from several different providers before they realized that this was occurring." Finally, Taylor "did not perform with determined consistent effort and demonstrated inappropriate pain behaviors" during an RFC evaluation, thus suggesting that the results "do not represent potentially true capabilities."

On our review of the record, substantial evidence supports the ALJ's decision to discredit Taylor's testimony.  Though Taylor's back pain clearly limits him to some extent, we will not second-guess the ALJ's conclusion that Taylor's behavior undermined his credibility as to the magnitude of that pain and the full extent of those limitations.  *See Moore*, 405 F.3d at 1213 (finding that substantial

evidence supports the ALJ's RFC decision and citing "embellished and magnified

pain behaviors, . . . drug-seeking manipulative tendencies" and inconsistencies

between a claimant's "own testimony as to her daily activities and her claims of

impairment"). A reviewing court should "not disturb a clearly articulated

credibility finding supported by substantial evidence," and we decline to do so

here. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

## III

Next, we address Taylor's argument that "the ALJ also violated the Treating

Physician rule." Taylor faults the ALJ for giving insufficient weight to the opinion

of Dr. Michael Horseman. As characterized by the ALJ, Horseman opined that

Taylor "has marked limitations in his ability to perform activities within a

schedule, maintain regular attendance, and be punctual within customary

tolerances."

ALJs must give a treating physician's medical opinion "substantial or

considerable weight" unless they clearly articulate good cause for discrediting that

opinion. *Winschel*, 631 F.3d at 1179 (citation omitted). "Good cause exists when

the: (1) treating physician's opinion was not bolstered by the evidence;

(2) evidence supported a contrary finding; or (3) [the] treating physician's opinion

was conclusory or inconsistent with the doctor's own medical records." *Id.*

(quotations omitted). Much like the credibility determination described above, we

will not disturb the ALJ's decision to disregard a treating physician's opinion if the ALJ's well-articulated reasons are supported by substantial evidence. *Moore*, 405 F.3d at 1211.

Here, the ALJ discussed—at length—why she gave Horseman's opinion little weight. For one, Horseman provided "no rationale for such opinions and no specifics are shown in the medical evidence of record to support such opinions." Moreover, Horseman gave Taylor what the ALJ called "essentially a dead man's residual functional capacity," which the opinions of other treating physicians contradict. Dr. Rigoberto Puente-Guzman, for example, found that Taylor "appeared to be in no acute distress and had no abnormal pain behavior" and "could perform sedentary level activities" with some limitations. [2]

Worse still, Horseman's opinion was inconsistent with even his own treatment records, as they showed that Taylor displayed a "good increase in functionality compared to the previous 1–2 years" and that he was "substantially more active." Horseman's treatment records, the ALJ found, were more consistent with the opinion of Dr. Eric Scott, who concurred with Guzman that Taylor can engage in light exertional work. In light of these well-articulated reasons, we

---

[2] We are satisfied that the ALJ properly accounted for Taylor's limitations, as the three listed categories of appropriate occupations at step 5 all had "Light" RFC requirements.

conclude that the ALJ had "good cause" for discrediting Horseman's opinion. *Winschel*, 631 F.3d at 1179.

**AFFIRMED.**